IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MELVIN JAMES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:20-CV-298-WKW |
| ) | [WO] |
| BERNARDINO MEJIA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION AND ORDER**

## **I. INTRODUCTION**

On April 30, 2019, Melvin James ("Plaintiff"), an Alabama citizen, filed a complaint in the Circuit Court of Montgomery County, Alabama, against Bernardino Mejia ("Mejia"), Alfa Mutual Insurance Company ("ALFA"), also an Alabama citizen, USAA Casualty Insurance Company ("USAA"), a Texas citizen, and certain fictitious defendants. (Doc. # 2-3.) On February 26, 2020, Plaintiff amended his complaint to include an additional claim against a new defendant—Gonzalez Mario Mejia ("Mario Mejia"). (Doc. # 2-11.) All told, Plaintiff's complaint contains three causes of action: (1) negligence/wantonness and negligence per se against Mejia; (2) breach of contract against ALFA and USAA; and (3) negligence/wanton entrustment against Mario Mejia. On April 30, 2020, USAA removed the case, with

consent from all properly served Defendants, to federal court based on diversity jurisdiction. 28 U.S.C. §§ 1332(a), 1441, and 1446(b)(3).[1]

Now before the court is Plaintiff's Motion to Remand. (Doc. # 1.) In his motion, Plaintiff also requests an award of costs and attorney's fees pursuant to 28 U.S.C. § 1447(c). The primary issue is whether the Alabama citizenship of ALFA (Plaintiff's uninsured motorist carrier) should be considered in determining whether complete diversity exists. As explained more fully below, the motion to remand is due to be granted because ALFA is not a nominal party and its Alabama citizenship must be considered for jurisdictional purposes. As a result, complete diversity does not exist in this case. However, Plaintiff is not entitled to an award of costs and attorney's fees.

## II. STANDARD OF REVIEW

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Kokkonen Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379 (1994). Thus, with respect to cases removed

---

[1] At the time of removal, Plaintiff had not yet perfected service of process on Mario Mejia. (*See* Doc. # 8, at 3 (stating that Mario Mejia had not been served as of June 10, 2020).) Accordingly, his consent to removal was not required. *See* 28 U.S.C. § 1446(b)(2)(A) (providing that "all defendants who have been properly joined and served must join in or consent to the removal of the action").

to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

### III.  BACKGROUND

Plaintiff's claims arise out of a two-car collision, in which Plaintiff and Mejia were drivers, that took place at the intersection of Eastern Boulevard and Buckboard Road in Montgomery, Alabama.  Specifically, Plaintiff alleges that Mejia's negligent and/or wanton conduct caused his vehicle to collide with Plaintiff's vehicle, resulting in significant injuries to Plaintiff.  In addition to suing Mejia, Plaintiff exercised his right under Alabama law to bring suit against his own uninsured[2] motorist carriers—USAA and ALFA. *See Lowe v. Nationwide Ins. Co.*, 521 So. 2d 1309, 1310 (Ala. 1988) (holding that "[a] plaintiff is allowed *either* to join as a party defendant his own liability insurer in a suit against the underinsured motorist *or* merely to give it notice of the filing of the action against the motorist and the possibility of a claim under the underinsured motorist coverage at the conclusion of the trial") (emphasis in original) (alteration added).  As named parties in the litigation, USAA and ALFA had "the right, within a reasonable time after

---

[2] Alabama Code § 32–7–23(b) defines "uninsured motorist" to include "underinsured motorist."

service of process, to elect *either* to participate in trial . . . *or* not to participate in the trial . . . ." *Id.* (emphasis in original).  To date, neither USAA nor ALFA has opted out of this lawsuit.

According to USAA, "[t]he case stated in Plaintiff's initial complaint, First Amended Complaint, and Second Amended Complaint [was] not removable because, in each Plaintiff alleg[ed] . . . that [Mejia was] a citizen of the State of Alabama."  (Doc. # 2, at 4.)  USAA claims that the case only became removable once its counsel received a letter on April 15, 2020, from a non-party insurance company (who initiated a separate declaratory judgment action against Plaintiff concerning insurance coverage issues arising out of the same events as this case) that indicated Mejia was "a citizen of Mexico, and [was] not a citizen of the State of Alabama as alleged in [Plaintiff's]" state court pleadings.  (Doc. # 2, at 5.)  While the face of the letter does not discuss Mejia's citizenship, it does contain attachments from Plaintiff's answer to the non-party's declaratory judgment complaint, wherein Plaintiff responds that Mejia "is believed to be from Mexico."  (Doc. # 2-2, at 532.)  USAA contends that this letter "constitutes 'other paper' . . . from which [it] could first ascertain that [Mejia] was *not* in fact a citizen of Alabama and that this case was removable on diversity jurisdiction grounds."  (Doc. # 2, at 5 (emphasis in original).)

4

## IV.  DISCUSSION

### A. <u>ALFA is not a Nominal Party</u>

Mejia's citizenship is of no moment because Plaintiff persuasively asserts that ALFA is not a nominal party in this lawsuit and that, as a result, its Alabama citizenship must be considered for jurisdictional purposes.[3]  To be sure, "federal courts must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Thermoset Corp. v. Bldg. Materials Corp of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (quotations and citation omitted). The Eleventh Circuit's decision in *Broyles v. Bayless*, 878 F.2d 1400 (11th Cir. 1989) provides the framework for determining whether ALFA qualifies as a real party to this controversy.

In *Broyles*, the Eleventh Circuit addressed a question similar to the one at issue here:  "Should a federal court consider the residence of an uninsured motorist carrier, served with process pursuant to Tennessee's uninsured motorist statute, when determining diversity for federal jurisdiction purposes?"  *Id*. at 1401. Ultimately, the *Broyles* court held that the citizenship of the plaintiff's uninsured motorist carrier should not have been considered in determining diversity

---

[3] Because ALFA is more than a nominal party, the court need not and declines to decide whether Plaintiff's answer to a separate declaratory judgment action, wherein he simply states that Mejia is *believed* to be from Mexico, is "other paper" supporting removal or is enough to establish diversity jurisdiction.

5

jurisdiction because "of the law's unique treatment of insurance companies as parties in tort litigation and because [the uninsured motorist carrier] was not the primary defender of [the] lawsuit." *Id.* at 1402. The court reasoned that "[a]lthough liability insurance companies often have a real and substantial stake in their insured's litigation, they are usually not treated as parties to an action involving their insured" due to their "indirect and invisible roles" in a traditional tort case. *Id.* at 1404. For instance, the court noted that "in a typical scenario, insurance companies defend the insured 'in cognito' so as to preserve its anonymity and remain undetected by the jury." *Id.* Thus, it made "little sense to allow the company to proceed 'in cognito' and yet consider its phantom presence in determining diversity." *Id.* at 1405.

Importantly, the *Broyles* court outlined three exceptions to the general rule that an uninsured motorist carrier's citizenship should not be considered for federal jurisdiction purposes: (1) the carrier has "become subrogated to the rights of the insured after payment of the loss;" (2) it is "defending actions brought directly against [it]"; or (3) "for some reason [it] must assume primary and visible control of the litigation." *Id.* at 1404 (citations omitted).

A decision from this district, *Summerlin v. Nelson*, No. 3:17-CV-36-CDL-WC, 2017 WL 2177361 (M.D. Ala. Apr. 21, 2017), *report and recommendation adopted*, No. 3:17-CV-36-CDL, 2017 WL 2177337 (M.D. Ala. May 5, 2017), applied the *Broyles* framework and concluded that ALFA, also the uninsured

6

motorist carrier in that case, was not a nominal party to the lawsuit because the company was defending an action brought directly against it.  Consequently, the court considered ALFA's Alabama citizenship for jurisdictional purposes, thus destroying complete diversity among the parties.  To support its finding, the *Summerlin* court highlighted that ALFA had not opted out of the lawsuit and had engaged "in the litigation process, albeit minimally, by requesting discovery from Plaintiff, seeking a protective order for Plaintiff's medical records, and answering Plaintiff's complaint in state court." *Id*. at *4.  The court continued

> Further, Plaintiff has not stated that he named Defendant ALFA as a party Defendant solely for the purpose of satisfying the notice requirement in Alabama insurance law.  Indeed, Plaintiff's opposition to Defendant Nelson's removal based upon the argument that Defendant ALFA is not a nominal party cuts against such a presumption.  So does the wording of Plaintiff's complaint. Plaintiff's complaint specifically states that "Defendant ALFA Insurance has breached its contract with Plaintiff by failing to make payments to the Plaintiff under the under-insured motorist provision of the Plaintiff's policy." Clearly, that statement indicates that there is a live controversy between Defendant ALFA and Plaintiff.

*Id*. at *5 (citations omitted); *see also Parker v. Morton*, No. 18-00234-KD-B, 2019 WL 1645207, at *4 (S.D. Ala. Apr. 16, 2019) (rejecting uninsured motorist carrier's argument that it was a nominal party when the company had not opted out of the litigation, answered the plaintiff's complaint, and intended to seek discovery); *cf*. *Oliver v. Rodriguez*, No. 2:08-CV-0081-WHA, 2008 WL 928328, at *2 (M.D. Ala. Apr. 4, 2008) (finding that uninsured motorist carrier was a nominal party "because

7

it ha[d] elected to opt out of the litigation and to be bound by the verdict and judgment of liability and damages").

Here, as in *Summerlin*, ALFA is not a nominal party because the record indicates that it is defending an action brought directly against it. First, at no time, either in state court or after removal, has ALFA exercised its right under Alabama law to opt out of this lawsuit, nor has it indicated any intention to do so.[4]

Second, ALFA has engaged in the litigation process by filing an answer in state court (Doc. # 2-13); serving Plaintiff with interrogatories and requests for production (Doc. # 2-2, at 56); seeking a protective order for Plaintiff's medical records (Doc. # 2-2, at 50); filing a joint motion to stay the state court proceedings (Doc. # 2-2, at 354); and joining USAA in its opposition to Plaintiff's motion to remand (Doc. # 16). While "ALFA's current involvement does not suggest that [it] is manning the litigation ship," its limited participation, coupled with its decision to not opt out, does suggest that it is more than a nominal party in this case. *Summerlin*, WL 2017 2177361, at *4.

Third, "Plaintiff has not stated that he named . . . ALFA as a party defendant solely for the purpose of satisfying the notice requirement in Alabama insurance law." *Summerlin*, 2017 WL 2177361, at *5. In fact, "Plaintiff's opposition to

---

[4] Conversely, USAA filed a motion in state court seeking an extension of time concerning its decision to opt out of the litigation. (Doc. # 2-5.)

8

[USAA's] removal based upon the argument that . . . ALFA is not a nominal party cuts against such a presumption" as "does the wording of Plaintiff's complaint." *Id*. Plaintiff brings a direct cause of action against ALFA, expressly alleging that the company has breached its insurance contract with him by failing to pay $25,000 in uninsured motorist benefits. (Doc. # 2-3, at 5.) Like *Summerlin*, the opposition to removal and allegations in the complaint provide further support that there is a live controversy between Plaintiff and ALFA.

USAA attempts to distinguish *Summerlin* on the grounds that a live controversy does not exist between Plaintiff and ALFA. (Doc. # 11, at 12.) Specifically, USAA argues that "although ALFA has not opted out, it has tendered to Plaintiff the entirety of benefits available under Plaintiff's ALFA policy—*i.e.*, ALFA has tendered its policy limits to Plaintiff." (Doc. # 11, at 12.) However, USAA provides no legal authority, nor is the court aware of any, for the proposition that a mere settlement offer extinguishes an ongoing dispute between parties involving a breach of contract claim.

Moreover, USAA contends that the decision in *Toole v. Chupp*, 456 F. Supp. 2d 1218 (M.D. Ala. 2006), is indistinguishable from the present case. USAA's argument falls flat. In *Toole*, the district court concluded that ALFA, yet again the uninsured motorist carrier, was a nominal party and declined to consider the company's Alabama citizenship for diversity jurisdiction purposes. *Id*. at 1219. In

reaching its decision, the court noted that no controversy existed between the plaintiffs and ALFA because "*ALFA ha[d] opted out* (and even made explicit in its notice of opt out that it 'agrees to be bound by the verdict of the jury and agrees to pay any judgment in accordance with its policy of insurance') . . . ." *Id.* at 1221 (alteration and emphasis added). The court also emphasized that the record and representations made by plaintiffs' counsel during oral argument on the motion to remand made clear that the plaintiffs "named ALFA as a defendant for the sole purpose, as required by Alabama law, of putting its insurer on notice of the pendency of the litigation and giving the insurer the opportunity to participate or opt out." *Id.* Furthermore, the plaintiffs in *Toole* did not bring a direct cause of action against ALFA. *Id.* at 1221 n.4.

Here, unlike *Toole*, ALFA decidedly has not exercised its right to opt out of the case. Nor has Plaintiff indicated that he named ALFA for the sole purpose of fulfilling the notice requirement under state law. Indeed, as discussed above, Plaintiff's actions suggest otherwise. Further distinguishing *Toole* is the fact that Plaintiff has brought a direct claim against ALFA for breach of contract. Given these differences, *Toole* is inapposite to the case at bar.

In a last-ditch effort to circumvent ALFA's Alabama citizenship, USAA asserts that ALFA is not a required party under Federal Rule of Civil Procedure 19, and should be dropped pursuant to Federal Rule of Civil Procedure 21 "in order to

preserve . . . diversity jurisdiction." (Doc. # 2, at 13.) This argument is unavailing because it is well settled that diversity jurisdiction is established at the time of removal, not after. *See PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) (explaining that diversity jurisdiction is determined "at the time of removal"); *see also Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004) ("It has long been the case that the jurisdiction of the court depends upon the state of things at the time of the action brought.") (cleaned up).

### B. Plaintiff is not Entitled to Costs and Attorney's Fees

The facts and basis for USAA's removal do not support an award of costs and attorney's fees to Plaintiff under § 1447(c). To begin, there is no automatic entitlement to an award of costs and attorney's fees under § 1447(c). The plain language of the statute, which provides that the "order remanding the case may require payment of just costs and any actual expenses including attorney fees, incurred as a result of removal," § 1447(c), makes such an award discretionary. The Supreme Court in *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), explained:

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this

11

>  manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).

*Id.* at 141 (internal citations omitted).

The "'appropriate test for awarding fees under § 1447(c)' is to balance deterring 'removals sought for the purpose of prolonging litigation and imposing costs on the other party,' and safeguarding defendants' statutory right 'to remove as a general matter, when the statutory criteria are satisfied.'" *Bujanowski v. Kocontes*, 359 F. App'x 112, 113–14 (11th Cir. 2009) (quoting *Martin*, 546 U.S. at 140).

The only argument that Plaintiff makes in favor of an award for costs and attorney's fees is a cursory statement that USAA "removed this case from state court without any proof that [Mejia] was a citizen of Mexico or any other state at the time of the accident." (Doc. # 19, at 11.) However, this argument overlooks the fact that USAA premised removal on Plaintiff's own response to a separate declaratory judgment action, wherein Plaintiff stated that Mejia was believed to be from Mexico. Keeping in mind that the court makes no judgment concerning Mejia's status as a citizen of a foreign state, this allegation, if true, gave USAA an objectively reasonable basis to remove the case. *See* 28 U.S.C. § 1332(a)(3) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States and in which citizens or subjects of a foreign state are additional parties."). Moreover, USAA executed removal two weeks after receiving what it deemed

"other paper," thus indicating that removal was not a dilatory tactic. For these reasons, Plaintiff's motion for costs and attorney's fees is due to be denied.

## V.  CONCLUSION

At bottom, this case involves an ongoing dispute between two Alabama citizens—Plaintiff and ALFA. Accordingly, diversity jurisdiction does not exist, and it is ORDERED that Plaintiff's motion to remand (Doc. # 1) is GRANTED. It is further ORDERED that Plaintiff's motion for costs and attorney's fees is DENIED.

The Clerk of the Court is DIRECTED to take the action necessary to accomplish the remand of this case to the Circuit Court of Montgomery County, Alabama.

DONE this 7th day of January, 2021.

/s/ W. Keith Watkins  
UNITED STATES DISTRICT JUDGE